David L. Fiol [SBN 203546]
Brent, Fiol & Pratt LLP
One Embarcadero Center, Suite 2860
San Francisco, California 94111
Telephone:  (415) 259-4420
Facsimile: (415) 373-4420
Email: dfiol@bfplawyers.com
*Attorneys For plaintiff STUART KOHLER*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART KOHLER,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br>LT. KROL (# 1412),<br>SGT. DEL ROSARIO (# 1226),<br>SENIOR DEPUTY GARCIA (# 1675),<br>DEPUTY B. CALLAWAY (# 1776),<br>DEPUTY STAN WONG (# 1578),<br>DEPUTY GEORGE COVIELLO (# 1620),<br>DEPUTY BRIAN VEERMAN (#1656 ),<br>DEPUTY R. CABRERA (# 1218),<br>DEPUTY M. HERRERA (#1622),<br>DEPUTY V. SIU (# 2192), AND<br>DEPUTY CLAUZEL (# 2021).<br><br>      Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. VIOLATION OF 42 U.S.C. § 1983: FOURTH AMENDMENT (ARREST WITHOUT PROBABLE CAUSE)<br>2. VIOLATION OF 42 U.S.C. § 1983: FOURTH AMENDMENT (EXCESSIVE FORCE)<br>3. VIOLATION OF 42 U.S.C. § 1983: FOURTH AMENDMENT (FALSE STATEMENTS)<br>4. VIOLATION OF CALIFORNIA CIVIL CODE §52.1<br>5. BATTERY<br>6. NEGLIGENCE<br>7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Stuart Kohler, by and through his attorneys, BRENT, FIOL & PRATT LLP, for his Complaint against defendants, states as follows:

## INTRODUCTION

1.     This action arises out of an illegal and unconstitutional arrest, use of excessive force, and outrageous false imprisonment of plaintiff Stuart Kohler (hereafter "Mr. Kohler") by more than a half-dozen deputies and supervisors in the Sheriff's Department of the defendant City and County of San Francisco.  The arrest, battering and imprisonment of Mr. Kohler was the product of both incompetence and malice at multiple levels of that Department.

2.     It is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, and the statutory and common law of California.

## JURISDICTION

3.      Subject matter jurisdiction over the claims stated in this action is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and(4), and the aforementioned statutory and constitutional provisions.  This Court has pendent jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## INTRADISTRICT ASSIGNMENT

4.     All of the events and/or omissions complained of herein occurred in the County of San Francisco, and this action is properly assigned to the Oakland or San Francisco Division.

## PARTIES

5.     Mr. Kohler was at all relevant times a 60 year old, law-abiding resident of the City of Oakland, Alameda County, who has been self employed as a California licensed private investigator for 25 years, since 1991.  He earned an undergraduate degree in psychology and completed the coursework for a master's degree in psychology.  He also has a degree in law.  He has visited jails and prisons all over California and in other states, always without incident.  He has never been charged with, much less convicted of, a crime.

6. Defendant City and County of San Francisco is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the San Francisco Sheriff's Department, which employs other defendants in this action.

7. At all times mentioned herein the individual defendants were deputies, sergeants, lieutenants, employees and representatives of the Sheriff's Department of the defendant City and County of San Francisco. At all times relevant hereto, each of them were acting within the course and scope of their employment, and the wrongful acts hereinafter described flow from the very exercise of their authority. They are sued in their individual and personal capacity.

8. Plaintiff is informed and believes and thereon alleges that each of the defendants sued herein was responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to the plaintiff. Further, one or more currently unidentified defendants also was responsible for the events and happenings as hereinafter described, and proximately caused injuries and damages to the plaintiff.

9. At all material times, each defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the United States.

**GENERAL ALLEGATIONS**

10. Prior to May 11, 2016 Mr. Kohler was retained by a criminal defense attorney to investigate a case brought against one of the attorney's clients.

11. On the morning of May 11, 2016, Mr. Kohler was acting in the course and scope of his profession as a licensed private investigator, and peaceably waiting outside the public entrance to Ward 7D/L of the San Francisco General Hospital, a secure ward for the housing of incarcerated patients in need of medical attention, to speak to the client that he thought was housed there.

12. Mr. Kohler was advised that the client was not there, but for reasons not disclosed to him, Mr. Kohler's identification cards were grabbed out of his hand without warning or Mr. Kohler's permission, by a deputy employed by the San Francisco Sheriff's Department, believe to

3

be defendant Coviello, #1620.

13. After grabbing the cards out of Mr. Kohler's hand, the deputy immediately walked into the secure ward and closed the door behind him, without the courtesy of offering to Mr. Kohler, who was neither a prisoner nor a suspect, an explanation of why his ID cards were seized.

14. Mr. Kohler's ID cards were not returned for an extended period of time, preventing him from leaving the premises, doing his work and earning a living.

15. After Mr. Kohler made repeated attempts to speak to a deputy, all of which were ignored, several deputies, include defendant deputies Coviello, #1620, Wong, #1578, Veerman, #1656, and possibly others, gathered in an area of the secure hospital ward that was visible through a glass wall from where Mr. Kohler was waiting, and began arming themselves in a menacing display that was apparently meant to intimidate Mr. Kohler.

16. After arming themselves, the aforementioned defendant deputies then left the secure area of the jail ward, walked to the public space where Mr. Kohler was standing, and immediately proceeded to batter Mr. Kohler, force him down, and push his face against the hard floor, despite the fact that Mr. Kohler had offered them no physical resistance.

17. Mr. Kohler told the deputies who had attacked him that his right hand was healing from a recent fracture and that he wore a removable cast; the deputies nevertheless continued to twist his hand with great force during the course of the arrest, deliberately inflicting unnecessary pain on Mr. Kohler.

18. After Mr. Kohler began screaming for help and several hospital employees left their offices to investigate, one of the deputies, believed to be defendant Deputy Wong, began yelling "stop resisting," although Mr. Kohler was not resisting and never had been.

19. Needlessly shouting "stop resisting" is a dishonest trick used by some peace officers to create the false appearance to onlookers that a person is resisting arrest, when he or she is not.

20. In an attempt to prevent citizens from witnessing their improper conduct, the

defendant deputies ordered several civilians who had responded to Mr. Kohler's cries for help to leave the area, although there was no danger to them, and they had a legal right to be where they were.

21. As Mr. Kohler was placed under arrest, the previously named deputies were joined by defendants Lt. Krol, #1412, Deputy Callaway, # 1776, Deputy M. Herrera (#1622), Deputy V. Siu (# 2192), and Deputy Clauzel (# 2021), each of whom took custody of Mr. Kohler and aided and abetted the illegal arrest and unreasonable use of force on Mr. Kohler.

22. While Mr. Kohler was being transported to an interrogation room, the aforementioned deputies, particularly including but not limited to defendant Deputy Wong, continued to inflict painful, unnecessary force on Mr. Kohler's hand and body.

23. While he was being transported in an elevator to the interrogation room, defendant Lt. Krol ordered Mr. Kohler to face the corner of the elevator so that he (Lt. Krol) would not have to look at, in Krol's words, Mr. Kohler's "ugly face."

24. Later, as Mr. Kohler was locked in an interrogation room waiting, Mr. Kohler told Lt. Krol that he urgently needed to use the rest room. Lt. Krol refused to allow Mr. Kohler to leave the room, causing Mr. Kohler to soil his underwear.

25. Later on the morning of his arrest, Mr. Kohler was told that he was arrested because he was mistaken for a person of interest, and he was shown an artist's sketch of that person of interest. The sketch was shown to Mr. Kohler during his questioning by defendants Senior Deputy Garcia and Deputy Callaway.

26. More recently, representatives of the Sheriff's Department have advanced a slightly different story: Mr. Kohler resembled the photograph of a man identified by name in a one page Safety Bulletin, No. OSB-16-014, issued by the San Francisco Sheriff's Department on April 29, 2016.

27. Safety Bulletin OSB-16-014 did <u>not</u> state that the person of interest had presented false identification to peace officers or identified himself falsely: he was identified without question as an attorney named Deron Adam Kartoon.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

28. The two identifications that had been grabbed out of Mr. Kohler's hand prior to his arrest were valid, state-issued identifications - a driver's license and private investigator's license - that showed he was *not* Mr. Kartoon.

29. The validity of both the driver's license and investigator's license that were grabbed out of Mr. Kohler's hand were capable of immediate verification by any police agency in the State of California.

30. Prior to Mr. Kohler being sent to jail for booking, defendant Deputy Callaway in fact confirmed that both Mr. Kohler's driver's license and investigator's license were valid.

31. Moreover, Safety Bulletin OSB-16-014 included a photograph, not a sketch, of Mr. Kartoon that left no doubt Mr. Kohler was not the subject of the flier. To the left below is the photo of Mr. Kartoon included in Safety Bulletin OSB-16-014, and on the right is a mugshot of Mr. Kohler taken on the day of his arrest.

 

32. Although not visible in the photographs above, Mr. Kohler has light blue eyes, while the photograph of Mr. Kartoon made clear his eyes were dark.

33. No reasonable person could have mistaken Mr. Kohler for Mr. Kartoon, especially if he or she, like the defendants in this case, had ample time to (1) study the photo in

6

the Safety Bulletin and observe Mr. Kohler as he was waiting for his ID cards to be returned, and (2) check on the authenticity of the identification cards taken from Mr. Kohler.

34.  Even if Mr. Kohler had been the man identified in the Safety Bulletin, the Bulletin did not state that the person of interest had a warrant out for his arrest, it did not state that he should be detained, it did not suggest that he had a history of violence or resisting arrest, and state records that were available to the deputies and their supervisors would have confirmed that the person of interest had no history of violence in encounters with police.

35.  Notwithstanding the above, defendant Sgt. Del Rosario, # 1126 ordered several deputies to arrest Mr. Kohler, rather than simply speak with him while their investigation was continuing in an effort to determine if he was the subject of the Safety Bulletin.

36.  Moreover still, Safety Bulletin OSB-16-014 itself contained recklessly false information.  It stated that the person of interest was responsible for the theft of 167 tablet computers through the use of stolen financial information.  The source for that statement was a newspaper article.  That article actually made clear that the thefts were alleged to have been committed not by the person of interest, Mr. Kartoon, but *by his client.*  The recklessness with which this Safety Bulletin was created and distributed demonstrates a conscious disregard for the safety of those people, like Mr. Kohler, who might be detained as a result of a false identification.  Plaintiff is not aware of the names of the negligent authors of this bulletin but will amend this Complaint to name them when they are identified.

37.  Although they represented to Mr. Kohler during their interrogation of him that he had been the victim of a mistaken identification, defendants Senior Deputy Garcia and Deputy Callaway refused to release Mr. Kohler, claiming he was accused by several deputies of resisting his improper arrest and threatening to injure one of them.

38.  Even after Mr. Kohler told them, in no uncertain terms and repeatedly, that he did not resist arrest, and he did not attempt to strike any deputies, defendants Senior Deputy Garcia and Deputy Callaway still refused to release him.

39.  During their interrogation of Mr. Kohler, defendants Senior Deputy Garcia and

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Deputy Callaway knew that a video camera monitored the area where Mr. Kohler was arrested and knew that a video record of Mr. Kohler's arrest existed.

40. At the time of Mr. Kohler's interrogation, a video recording of Mr. Kohler's arrest existed and showed that he did not resist arrest, and he did not commit a battery on any peace officer.

41. During the morning of May 11, 2016, defendants Senior Deputy Garcia and Deputy Callaway either viewed the video of Mr. Kohler's arrest and ignored it, or failed to take reasonable and necessary steps to investigate the claims being made against Mr. Kohler, including obtaining and reviewing the video to resolve the conflicting stories concerning Mr. Kohler's detention and arrest, prior to falsely charging Mr. Kohler with battery on a peace officer and resisting arrest.

42. Defendants Senior Deputy Garcia and Deputy Callaway, with the approval of defendant Lt. Krol, caused Mr. Kohler to be transported to the County Jail No. 1 for booking.

43. The disregard by Senior Deputy Garcia and Deputy Callaway for the exonerating evidence in the video, and/or their failure to conduct a complete investigation into the circumstances of Mr. Kohler's arrest in a timely manner, led to the false arrest and imprisonment of Mr. Kohler for several hours, until he was finally released at approximately 4 p.m., seven hours after his improper and illegal detention.

44. The disregard by Senior Deputy Garcia and Deputy Callaway for the exonerating evidence in the video, and/or their failure to conduct a complete investigation into the circumstances of Mr. Kohler's arrest in a timely manner, was motivated by their desire to intimidate Mr. Kohler into not pursuing his common law and federal constitutional rights.

45. As a direct and proximate result of each defendant's acts and/or omissions as set forth above, Mr. Kohler sustained serious injuries and damages, past and future, including among others severe pain and suffering, disability, emotional distress, humiliation, medical expenses, property damage and property loss, lost earnings, and other damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under United States

and California statutes, codes, and common law.

**FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983 FOR
FALSE ARREST WITHOUT PROBABLE CAUSE,
IN VIOLATION OF THE FOURTH AMENDMENT
(PERSONAL CAPACITY), AGAINST DEFENDANTS
LT. KROL (# 1412), SGT. DEL ROSARIO (# 1226),
SENIOR DEPUTY GARCIA (# 1675), DEPUTY B. CALLAWAY (# 1776),
DEPUTY STAN WONG (# 1578), DEPUTY GEORGE COVIELLO (# 1620),
DEPUTY BRIAN VEERMAN (#1656 ), DEPUTY M. HERRERA (#1622), DEPUTY V.
SIU (# 2192), AND DEPUTY CLAUZEL (# 2021).**

46. Plaintiff re-alleges each and every paragraph as if fully set forth herein.

47. On May 11, 2014, defendants Lt. Krol (# 1412), Sgt. Del Rosario (# 1226), Senior Deputy Garcia (# 1675), Deputy B. Callaway (# 1776),  Deputy Stan Wong (# 1578), Deputy George Coviello (# 1620), Deputy Brian Veerman (#1656 ), Deputy M. Herrera (#1622), Deputy V. Siu (# 2192), and Deputy Clauzel (# 2021), acting under claim of governmental authority, unlawfully arrested plaintiff without probable cause.  Defendants conducted the arrest without a warrant and in an unreasonable manner, thereby violating plaintiff's rights under the Fourth Amendment of the United States Constitution.

48. The aforementioned defendants, and in particular defendants Senior Deputy Garcia and Deputy Callaway, continued to hold plaintiff and cause him to be confined and jailed long after the time in which they discovered, and/or could have discovered through reasonable investigation, that Mr. Kohler had not committed a crime of any sort.  The continued confinement and booking ordered by defendants Senior Deputy Garcia and Deputy Callaway, with the approval of defendant  Lt. Krol, # 1412, was part of a cynical and malicious attempt by them to induce Mr. Kohler to secure his freedom by promising not to pursue a claim against the deputies that had assaulted and battered him.

49. Subsequent to the above-described warrant-less arrest and confinement, no

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

charges were pursued against plaintiff.

50. As a result of the aforementioned defendants' unlawful conduct plaintiff suffered serious and permanent pain and personal injuries, economic losses, great humiliation, embarrassment, and mental suffering, all to plaintiff's damage.

51. Plaintiff is entitled to seek damages suffered as a result of the above-described conduct pursuant to 28 U.S.C. § 1983 and 1988.

52. The aforementioned individual defendants acted maliciously and with wanton disregard of plaintiff's rights and feelings for which plaintiff seeks punitive damages.

**SECOND CAUSE OF ACTION UNDER 42 U.S.C. § 1983 FOR UNREASONABLE FORCE IN VIOLATION OF THE FOURTH AMENDMENT (PERSONAL CAPACITY), AGAINST DEFENDANTS DEPUTY STAN WONG (# 1578), DEPUTY GEORGE COVIELLO (# 1620),  DEPUTY BRIAN VEERMAN (#1656 ), DEPUTY M. HERRERA (#1622), DEPUTY V. SIU (# 2192), and DEPUTY CLAUZEL (# 2021).**

53. Plaintiff re-alleges each and every paragraph as if fully set forth herein.

54. On May 11, 2014, defendants Deputy Stan Wong (# 1578), Deputy George Coviello (# 1620), Deputy Brian Veerman (#1656 ), Deputy M. Herrera (#1622), Deputy V. Siu (# 2192), and Deputy Clauzel (# 2021), acting under claim of governmental authority, used unreasonable, excessive force in making the arrest of plaintiff Stuart Kohler, further violating plaintiff's rights under the Fourth Amendment of the United States Constitution, and causing Mr. Kohler serious pain and suffering and permanent physical injuries.

55. As a result of the aforementioned defendants' unlawful conduct plaintiff suffered serious and permanent pain and personal injuries, economic losses, great humiliation, embarrassment, and mental suffering, all to plaintiff's damage.

56. Plaintiff is entitled to seek damages suffered as a result of the above-described

10

conduct pursuant to 28 U.S.C. § 1983 and 1988.

57. The aforementioned individual defendants acted maliciously and with wanton disregard of plaintiff's rights and feelings for which plaintiff seeks punitive damages.

**THIRD CAUSE OF ACTION UNDER 42 U.S.C. § 1983 FOR FALSE STATEMENTS LEADING TO FALSE ARREST, IN VIOLATION OF THE FOURTH AMENDMENT (PERSONAL CAPACITY), AGAINST DEFENDANTS DEPUTY STAN WONG (# 1578), DEPUTY GEORGE COVIELLO (# 1620), DEPUTY BRIAN VEERMAN (#1656 ), and DEPUTY R. CABRERA (# 1218).**

58. Plaintiff re-alleges each and every paragraph as if fully set forth herein.

59. Defendants Deputy Stan Wong (# 1578), Deputy George Coviello (# 1620), Deputy Brian Veerman (#1656 ), and Deputy R. Cabrera (# 1218), falsely stated orally and in writing that in the course of his arrest, the plaintiff committed criminal acts, including physically resisting arrest and committing a battery on peace officers.

60. The aforementioned claims were false and defamatory and injured the reputation of the plaintiff.

61. Defendants made the aforementioned false statements with knowledge of their falsity.

62. Defendant's false statements were designed to, and did in fact, lead to Mr. Kohler's arrest and imprisonment and to the deprivation of his liberty rights under the Fourth Amendment.

63. As a result of the aforementioned defendants' unlawful conduct plaintiff suffered serious and permanent pain and personal injuries, economic losses, great humiliation, embarrassment, and mental suffering, all to plaintiff's damage.

64. Plaintiff is entitled to seek damages suffered as a result of the above-described conduct pursuant to 28 U.S.C. § 1983 and 1988.

65. The aforementioned individual defendants acted maliciously and with wanton disregard of plaintiff's rights and feelings for which plaintiff seeks punitive damages.

**FOURTH CAUSE OF ACTION
UNDER CALIFORNIA CIVIL CODE § 52.1
AGAINST ALL DEFENDANTS.**

66. Plaintiff re-alleges each and every paragraph as if fully set forth herein.

67. Using threats, intimidation, and coercion, the defendants interfered with plaintiffs' rights and privileges secured under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California and the California Constitution.

68. Defendants subjected plaintiff to Defendants' wrongful conduct, depriving plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of plaintiff would be violated by their acts and/or omissions.

69. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, plaintiff sustained injuries and damages as set forth above.

70. The conduct of Defendants entitles plaintiff to an award of actual damages, punitive damages up to three times actual damages, a civil penalty of $10,000, and attorneys' fees and costs pursuant to California Civil Code §§ 52 and 52.1.

**FIFTH CAUSE OF ACTION FOR BATTERY AGAINST
DEFENDANTS DEPUTY STAN WONG (# 1578),
DEPUTY GEORGE COVIELLO (# 1620),  DEPUTY BRIAN VEERMAN (#1656 ),
DEPUTY M. HERRERA (#1622), DEPUTY V. SIU (# 2192),
DEPUTY CLAUZEL (# 2021),  and
CITY AND COUNTY OF SAN FRANCISCO**

71. Plaintiff re-alleges each and every paragraph as if fully set forth herein.

72. Defendants Deputy Stan Wong (# 1578), Deputy George Coviello (# 1620), Deputy Brian Veerman (#1656 ), Deputy M. Herrera (#1622), Deputy V. Siu (# 2192), and Deputy Clauzel (# 2021), intended to and did cause violent and offensive physical contact with Plaintiff's person, both in grabbing his identification cards out of his hand without permission

and in the course of his arrest and detention.

73. Plaintiff did not consent to the violent and offensive contact by defendants.

74. The aforementioned violent and offensive acts by the individual defendants were committed by them while they were in the course and scope of their employment by the defendant City and County of San Francisco.

75. Defendant City and County of San Francisco is liable for the aforementioned actions of its co-defendants by operation of law.

76. As a proximate result of those defendants' intentional and wrongful conduct, plaintiff suffered economic and non-economic damages, including by not limited to physical pain and suffering, emotional distress, loss of ability to work and lost earnings, and medical expenses.

**SIXTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS SGT. DEL ROSARIO (# 1226), SENIOR DEPUTY GARCIA (# 1675), DEPUTY B. CALLAWAY (# 1776), DEPUTY STAN WONG (# 1578), and CITY AND COUNTY OF SAN FRANCISCO**

77. Plaintiff re-alleges each and every paragraph as if fully set forth herein.

78. At all times mentioned herein, defendants Sgt. Del Rosario (# 1226), Senior Deputy Garcia (# 1675), Deputy B. Callaway (# 1776), Deputy Stan Wong (# 1578), and City And County Of San Francisco, and each of them, were subject to a duty of care to avoid causing harm and distress to other persons. By taking the actions described above, defendants acted negligently and without due care.

79. One or more employees of the Sheriff's Department of the defendant City and County of San Francisco, whose identity is currently not known to plaintiff, negligently and recklessly placed false information in the Safety Bulletin relied upon by defendant Wong and others to justify their arrest of Mr. Kohler: to wit, that the person of interest who was the subject of the bulletin had some "involvement" in the theft of 167 tablet computers through the use of stolen financial information. Plaintiff will seek to amend the complaint to name these employees if and when they are identified.

80. Defendants Del Rosario and Wong were negligent and reckless in concluding

that Mr. Kohler should be detained, because, among other things, a careful comparison of the photograph in the safety bulletin would make it apparent to any reasonable person that Mr. Kohler was not the same person, because a phone call to the California Bureau of Security and Investigative Services would have led to confirmation that Mr. Kohler was a properly licensed private investigator, because the bulletin did not state or suggest that a warrant had been issued for the subject's arrest, and, most importantly, because the bulletin did not instruct law enforcement officers to arrest or detain the subject, but rather to "notify" the criminal investigations unit if they obtain any information on the subject.

81. Defendants committed the negligent acts while employed by Defendant City and County of San Francisco and acting within the scope of their employment.

82. As a proximate result of defendants' negligent and wrongful conduct herein described, plaintiff suffered economic and non-economic damages, including by not limited to physical pain and suffering, emotional distress, loss of ability to work and lost earnings, and medical expenses.

## SEVENTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANTS LT. KROL, SENIOR DEPUTY GARCIA, DEPUTY CALLAWAY, AND DOES 1-50

83. Plaintiff re-alleges each and every paragraph as if fully set forth herein.

84. The conduct of defendant Lt. Krol, in cruelly ridiculing Mr. Kohler's physical appearance, in refusing to allow him access to toilet facilities, in causing and approving the continued detention and booking of Mr. Kohler when it was clear he had committed no crime, was outrageous, especially considering that the conduct was that of a peace officer sworn to protect the public, and the conduct was designed to and did inflict severe emotional distress on Mr. Kohler.

85. The conduct of defendants Senior Deputy Garcia and Deputy Callaway, and Lt. Krol, in causing and approving the continued detention and booking of Mr. Kohler when it was clear he had committed no crime, was outrageous, especially considering that the conduct was

that of peace officers sworn to protect the public, and the conduct was designed to and did inflict severe emotional distress on Mr. Kohler.

86. The aforementioned defendants' conduct as outlined above constituted oppression and/or malice as defined in Civil Code section 3294. Mr. Kohler should recover, in addition to actual damages, damages to make an example of and to punish those defendants, because their conduct as peace officers sworn to uphold the law and protect the public was despicable, and was done with a willful and knowing disregard of the rights and safety of Mr. Kohler, leading to the injuries and damages suffered by Mr. Kohler.

WHEREFORE, plaintiff prays for judgment as follows:

(1) For general damages, including to compensate him for emotional distress, pain and suffering, according to proof at the time of trial,

(2) For special damages, including loss of earnings and the cost of medical care, according to proof at the time of trial;

(3) For punitive and exemplary damages as against the individual defendants as indicated above, commensurate with the acts complained of herein;

(4) For other damages. penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by federal law;

(5) For actual damages, punitive and exemplary damages, a civil penalty of $25,000, and attorneys fees pursuant to California Civil Code § 52.1, and

(6) For such other and further relief and damages as the Court may deem just and proper.

Dated: November 8, 2016                                BRENT, FIOL & PRATT LLP

By:_____
David L. Fiol

## DEMAND FOR JURY

Plaintiff hereby requests a trial by jury.

Dated:  November 8, 2016                         BRENT, FIOL & PRATT LLP

By:_____
    David L. Fiol

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL